UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JONETTE HOLDINGS, LLC,
Plaintiff,

CA 07 415 ML

v.

C.A. No. 2007-

APRIL MEDEIROS d/b/a "ASD-DESIGNS",
and STEVE M. MEDEIROS d/b/a "ASD-DESIGNS,
Defendants.

**JURY TRIAL CLAIMED**

## COMPLAINT

## PARTIES

1. Plaintiff, JONETTE HOLDINGS, LLC ("JONETTE HOLDINGS"), is a Rhode Island liability company with its principal office in East Providence, Rhode Island.

2. Defendant, APRIL MEDEIROS, is an individual who resides in East Providence, Rhode Island. APRIL MEDEIROS transacts business as "ASD-DESIGNS".

3. Defendant, STEVE M. MEDEIROS, is an individual who resides in East Providence, Rhode Island. Upon information and belief, defendant STEVE M. MEDEIROS and defendant APRIL MEDEIROS are husband and wife. STEVE M. MEDEIROS, along with APRIL MEDEIROS, transacts business as "ASD-DESIGNS".

## JURISDICTION

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this matter arises under federal law. In particular, this is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*; for infringement of a federally-registered trademark, in violation of 15 U.S.C. §1114-1117; and for false designation of origin, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125. This court also has supplemental jurisdiction over the related state law claims, pursuant to 28 U.S.C. § 1367.

**FACTS**

5. For more than 60 years, Jonette Jewelry Company ("Jonette Jewelry") of East Providence, Rhode Island designed, manufactured, and sold original styles of jewelry.

6. Jonette Jewelry created thousands of original styles, and registered those original designs with the U.S. Copyright Office (the "Jonette Copyrights").

7. Genuine Jonette Jewelry items had a copyright notice molded onto the back of each piece.

8. In addition to registering its original jewelry designs with the U.S. Copyright Office, Jonette Jewelry obtained a federal trademark registration for the trademark "JJ" from the U.S. Patent and Trademark Office, U.S. Registration No. 2,871,413 (the "JJ trademark"). A copy of the registration certificate is annexed hereto as Exhibit "A". Genuine Jonette Jewelry items had "JJ" molded onto the back of each piece.

9. By virtue of a written assignment from Jonette Jewelry Company to Jonette Holdings, Jonette Holdings owns all right, title, ownership, and interest in and to the copyrights owned by Jonette Jewelry Company.

10. In addition, by virtue of another written assignment from Jonette Jewelry Company to Jonette Holdings, Jonette Holdings owns all right, title, ownership, and interest in and to the "JJ" trademark.

11. Without plaintiff's permission, and in violation of plaintiff's rights, defendants are selling and offering for sale jewelry that imitates, copies, and infringes upon the Jonette Copyrights.

12. Without plaintiff's permission, and in violation of plaintiff's rights, defendants are using the "JJ" trademark in connection with their sales of infringing jewelry.

13. Defendants are conducting their unlawful activities on the eBay Internet auction and shopping site. On eBay, defendants use the eBay user identification "ASD-DESIGNS". The defendants also operate a separate "eBay store", which is located online at stores.ebay.com/ASD-Designs. Defendants also recently launched an Internet web site, www.asd-designs.com.

14. The infringing styles offered by defendants, and the corresponding Jonette Copyrights that defendants have infringed, are set forth on the attached Exhibit "B".

15. Not only are defendants infringing the Jonette Copyrights and the "JJ" trademark, but defendants are doing so in a manner intended to deceive consumers. To create the false impression that defendants are selling genuine Jonette Jewelry items, they state to potential consumers:

> *"On September 1st, 2006 JJ closed its doors. So folks, here is a last chance to own some of the wonderful history of Rhode Island."*

16. After reciting a history of Jonette Jewelry Company, defendants then describe their infringing goods as "JJ Signed" and "JJ Retired" items.

17. In fact, the purported "JJ Signed" and "JJ Retired" goods offered by defendants are not genuine Jonette Jewelry items at all, but rather are counterfeits manufactured by the defendants themselves, of grossly inferior quality, and to which they have unlawfully and without permission affixed the Jonette Jewelry copyright notice and the "JJ" trademark.

18. Defendants have engaged in these activities with full knowledge that their activities were unlawful, deceptive, unfair, misleading, and fraudulent.

19. As a direct and proximate result of defendants' unlawful activities, plaintiff has suffered damages.

20. As a direct and proximate result of defendants' unlawful activities, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

**COUNT I**
**(Copyright Infringement)**

21. Paragraphs 1 through 20 are incorporated herein.

22. Defendants have infringed upon and are continuing to infringe upon the Jonette Copyrights listed in Exhibit "B".

23. As a direct and proximate result of defendants' acts of infringement, plaintiff has suffered money damages.

24. As a direct and proximate result of defendants' acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

25. Defendants' acts of infringement have been and continue to be willful. For example, defendants knew that the Jonette Jewelry designs were protected by copyright, but went ahead and made their illicit knock-offs anyway.

WHEREFORE, plaintiff prays for judgment in its favor and against defendants, jointly and severally:

- for a preliminary and a permanent injunction prohibiting defendants from infringing the Jonette Copyrights;
- for a preliminary and a permanent injunction prohibiting defendants from making, offering for sale, or selling their infringing goods;
- for a preliminary and a permanent injunction ordering defendants to recall the infringing goods from purchasers;
- for an order impounding the infringing goods;
- for a preliminary and a permanent injunction ordering defendants to deliver upon oath the infringing goods for destruction by plaintiff;
- for an accounting for all <u>profits</u> earned by defendants on the sale of the infringing goods;

- for an award of actual damages plus the defendants' profits pursuant to 17 U.S.C. §504(b);
- for an award of statutory damages against the defendants pursuant to 17 U.S.C. §504(c);
- for an award of enhanced statutory damages against the defendants in the amount of One Hundred Fifty Thousand Dollars ($ 150,000) for each work infringed, pursuant to 17 U.S.C. §504(c)(2), in view of the willful and deliberate nature of the infringement;
- for an award of costs and attorneys' fees pursuant to 17 U.S.C. §505;
- for such other relief as the court deems just.

**COUNT II**
**(Infringement of a Federally-Registered Trademark)**

26. Paragraphs 1 through 25 are incorporated herein.

27. Defendants' unauthorized use of the "JJ" trademark is likely to cause confusion, mistake, and deception as to the source and origin of defendants' goods. Moreover, the public and others are likely to mistakenly believe that defendants' goods are provided by; sponsored by; approved by; licensed by; or affiliated with plaintiff, thereby causing plaintiff to suffer irreparable harm.

28. Defendants, by the above acts, have willfully and knowingly violated and infringed the rights of plaintiff and the federally registered "JJ" trademark with the intention of deceiving and misleading the public at large.

29. Defendants have caused, and, unless restrained by this court, will continue to cause, serious and irreparable injury and damage to plaintiff and to the goodwill associated with plaintiff's "JJ" trademark.

30. Defendants' above-described actions are a violation of 15 U.S.C. § 1114 for which plaintiff has no adequate remedy at law.

**WHEREFORE**, plaintiff prays for judgment in its favor and against the defendants, jointly and severally:

- **for a preliminary and a permanent injunction prohibiting defendants, and their agents, servants, and employees, from directly or indirectly using the mark "JJ" or any similar marks, words, or names that are likely to cause confusion or mistake or to deceive;**
- **for a preliminary and a permanent injunction ordering that all goods, products, labels, signs, catalogs, prints, packages, stationery, business forms, advertisements, and all other material bearing the "JJ", and all plates, molds, matrices, and other means of making the same, be delivered up and destroyed;**
- **for an accounting for all profits earned by the defendants on their sale of goods bearing the "JJ" mark;**
- **for an award of money damages;**
- **for an award of treble damages, pursuant to 15 U.S.C. § 1117;**
- **for an award of costs and attorneys' fees;**
- **for such other and further relief as the court deems just.**

**COUNT III**
**(Violation of Section 43 (a) of the Lanham Act)**

**31. Paragraphs 1 through 30 are incorporated herein.**

**32. Defendants' activities as above-described constitute a false designation of origin and a false description of the goods effecting interstate commerce in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a).**

**WHEREFORE, plaintiff prays for judgment in its favor and against defendants, jointly and severally:**

- **for all remedies available under Section 43(a) of the Lanham Act;**
- **for a preliminary and a permanent injunction prohibiting defendants from making, offering for sale, or selling the infringing goods;**
- **for a preliminary and a permanent injunction ordering defendants to recall the infringing goods from the purchasers;**
- **for an order impounding the infringing goods;**
- **for preliminary and a permanent injunction ordering defendants to deliver upon oath the infringing goods;**

- for an accounting for all profits earned by defendant on the sale of the infringing goods;
- for an award of actual damages plus the defendants' profits;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

**COUNT IV**
(Injury to Business Reputation and Dilution)

33. Paragraphs 1 through 32 are incorporated herein.

34. Defendants' infringement upon the Jonette Copyrights, their unauthorized use of the "JJ" trademark, and their other unlawful activities, all as described herein, cause a likelihood of injury to plaintiff's business reputation and a likelihood of dilution of the distinctive quality of the Jonette Copyrights and the "JJ" trademark, in violation of plaintiff's common law rights and in violation of R.I.G.L. § 6-2-12.

**WHEREFORE**, plaintiff prays for judgment in its favor and against the defendants, jointly and severally:

- for all remedies available under R.I.G.L. § 6-2-12;
- for all remedies available at common law;
- for an award of compensatory damages;
- for an award of punitive damages;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

**COUNT V**
(Civil Conspiracy)

35. Paragraphs 1 through 34 are incorporated herein.

36. The defendants' made an agreement to engage in the unlawful activities of copyright infringement, trademark infringement, false designation of origin, and dilution, as described herein.

37. Defendants made the agreement with the specific intent to engage in the illegal and tortious activities.

38. As such, defendants have engaged in a civil conspiracy.

39. As a direct and proximate result of defendants' civil conspiracy, plaintiff has suffered damages.

**WHEREFORE**, plaintiff prays for judgment in its favor and against defendants, jointly and severally:

- for an award of compensatory damages;
- for an award of punitive damages;
- for such other relief as the court deems just.

Plaintiff,
JONETTE HOLDINGS, LLC,
By Its Attorney,

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, Rhode Island 02903
Tel. (401) 331-6600
FAX (401) 274-2780

DATED: November 14, 2007

Plaintiff claims a trial by jury on all issues so triable.